UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARINO MRAZ,

          Plaintiff,

   -against-

LUFTHANSA GERMAN AIRLINES,

          Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-1476 (FB)(LB)

*Appearances:*
*For the Plaintiff:*
MARINO MRAZ, *pro se*
37-07 36th Avenue
Long Island City, NY 11101

*For the Defendant:*
PETER F. VETRO, ESQ.
Gallagher Gosseen Faller & Crowley
1010 Franklin Avenue, Suite 400
Garden City, NY 11530-2927

**BLOCK, Senior District Judge:**

      Plaintiff, Marino Mraz ("Mraz"), proceeding *pro se*, sues defendant, Lufthansa German Airlines ("Lufthansa"), for "misleading fraud and deceit, deceptive business practices, mistreatment, inconvenience and punit[iv]e damages," and seeks $20,000 in damages. Compl. All claims arise out of a September 19, 2003 incident during which Mraz's mother-in-law was "bumped" from a Lufthansa flight from John F. Kennedy airport to Zagrab, Croatia, *via* Frankfurt, Germany, and instead given monetary compensation and a seat on a KLM flight that arrived in Zagreb within four hours of her original arrival time.[1]

---

[1]"Bumping" is "an airline industry practice whereby passengers are denied seats as a result of intentional overselling meant to minimize the number of empty seats on planes." *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 113 n.8 (S.D.N.Y. 2004) (citing *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 292 (1976)).

Mraz originally filed suit in the Civil Court of New York City, Queens County. Pursuant to 28 U.S.C. §§ 1441 and 1446, Lufthansa timely removed the case to this Court on the ground that Mraz's claims arise under a treaty of the United States, namely, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), more commonly known as the Warsaw Convention.[2] Lufthansa now moves, pursuant to Federal Rule of Civil Procedure 17(a), to dismiss the action on the ground that Mraz is not the real party in interest.

Although Lufthansa removed the case based on the Warsaw Convention, its motion to dismiss assesses Mraz's claims purely in terms of state law. This incongruity has led the Court to question whether it has subject-matter jurisdiction over this action; the Court must resolve this jurisdictional issue before addressing the motion to dismiss. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction"); *United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170-71 (2d Cir. 2003) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution[.]").

---

[2]On July 31, 2003, the United States Senate ratified the Montreal Convention (or, more formally, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. 106-45). *See* 149 Cong. Rec. S10869 (2003). "[T]he Montreal Convention is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention," *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004); however, it does not apply here. *See id.* at 373 (holding that Convention does not apply to conduct occurring before it entered into force on November 4, 2003).

# I.

"28 U.S.C. § 1441 . . . permits removal only of actions over which 'the district courts of the United States have original jurisdiction.'" *Sullivan v. American Airlines, Inc.*, 424 F.2d 267, 270 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). Original jurisdiction exists here only if Mraz's claims "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; no other jurisdictional basis is apparent.[3]

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal preemption of state law generally "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987); however, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* When this "complete preemption" doctrine applies, the plaintiff's claims arise under federal law no matter how they are characterized in the complaint.

---

[3] Diversity jurisdiction is lacking because Mraz seeks only $20,000 in damages. *See* 28 U.S.C. § 1332(a) (limiting diversity jurisdiction to "civil actions where the matter in controversy exceeds . . . $75,000"). Jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1441(d) & 1602-1611, is lacking because Lufthansa is not an "agency or instrumentality of a foreign state," *id.* § 1603(b); although the German state once held a majority of its shares, the company was privatized in the mid-1990s. *See Leith v. Lufthansa German Airlines*, 897 F. Supp. 1115, 1115-16 (N.D. Ill. 1995).

II.

Mraz's complaint relies completely on state law; it makes no mention of the Warsaw Convention or any other federal law.[4] While it is now clear that the Warsaw Convention preempts state law to some extent, see *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999) (holding that "recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,' if not allowed under the Convention, is not available at all" (quoting Article 17 of the Warsaw Convention)), two important caveats apply.

First, "the Convention's preemptive effect on local law extends no further than the Convention's own substantive scope. A carrier, therefore, is indisputably subject to liability under local law for injuries arising outside of that scope." *Id.* at 172 (citations and internal quotation marks omitted). Here, the only arguably applicable provision of the Convention is Article 19, which makes carriers liable "for damage occasioned by delay in the transportation of passengers, baggage, or cargo." From what the Court can glean from Mraz's terse complaint, he does not seek damages incident to the delay in his mother-in-law's travel plans; rather, he seeks damages for Lufthansa's allegedly wrongful conduct

---

[4]Lufthansa alluded only to the Warsaw Convention in its notice of removal. For the sake of completeness, the Court notes that another federal law, the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713, is arguably relevant. It is well-settled, however, that the ADA does not create complete preemption. *See Wayne v. DHL Worldwide Express*, 294 F. 3d 1179, 1184 (9th Cir. 2002) (citing *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F3d 922 (5th Cir. 1997), and *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996)); *Fournier v. Lufthansa German Airlines*, 191 F. Supp. 2d 996, 1003 (N.D. Ill. 2002); *Donkor v. British Airways Corp.*, 62 F. Supp. 2d 963, 971 (E.D.N.Y. 1999).

4

in handling the situation. It is unclear whether such claims are within the scope of Article 19. *Compare Wolgel v. Mexicana Airlines*, 821 F.2d 442, 444 (7th Cir. 1987) (claim not preempted "because the [plaintiffs] seek damages for the bumping itself, rather than incidental damages due to their delay"), *and Mahaney v. Air France*, 474 F. Supp. 532, 534 (S.D.N.Y. 1979) (claim of being subjected to "harsh treatment" in connection with bumping not preempted), *with Paradis*, 348 F. Supp. 2d at 112 (claim of breach of contract of carriage preempted), *and Sassouni v. Olympic Airways*, 769 F. Supp. 537, 540-41 (S.D.N.Y. 1991) (claim for emotional distress of having to travel after sundown on Passover preempted).

Second, even assuming that the Warsaw Convention displaces the state law that would otherwise govern Mraz's claims, it is unclear whether it so "completely pre-empt[s] a particular area" that Mraz's claims are "necessarily federal in character." *Metropolitan Life Ins. Co.*, 481 U.S. at 62. Neither the Supreme Court nor the Second Circuit has expressly added the Warsaw Convention to the extremely short list of federal laws that create complete preemption; among those courts that have discussed the issue since *Tseng*, there is no consensus. *Compare Husman v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999), *Mendez v. American Airlines, Inc. (In re Air Crash at Belle Harbor)*, 2003 WL 21032034, at *3 (S.D.N.Y. May 5, 2003), *and De George v. American Airlines, Inc. (In re Air Crash at Belle Harbor)*, 2002 WL 31356266, at *5 (S.D.N.Y. Oct. 17, 2002) (all finding complete preemption), *with Dorazio v. UAL Corp.*, 2002 WL 31236290, *3 (N.D. Ill. Oct. 2, 2002), *Akrami v. British Airways PLC*, 2002 WL 31031324, *8 (N.D. Cal. Sept. 10, 2002), *and Rogers v. American Airlines, Inc.*, 192 F. Supp. 2d 661, 672 (N.D. Tex. 2001) (all declining to find complete preemption).

## III.

In removed cases, "[t]he burden is on the defendant, as the party asserting federal jurisdiction, to demonstrate the propriety of removal," *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F. 3d 42, 46 (2d Cir. 2002); this burden includes demonstrating, where necessary, that the "complete preemption" doctrine applies. *See id.* Therefore, Lufthansa shall, within ten (10) days of this Memorandum and Order, file and serve a jurisdictional brief addressing the following issues:

1. Which of Mraz's claims, if any, fall within the scope of the Warsaw Convention?

2. Does the complete preemption doctrine apply to such claims?

The parties shall appear for oral argument on those issues on February 23, 2006, at 11 a.m. In the alternative, Lufthansa may consent to remand by so notifying the Court prior to the oral argument. *See Asante Techs., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1152 (N.D. Cal. 2001) ("Even where federal law completely pre-empts state law, state courts may have concurrent jurisdiction over the federal claim if the defendant does not remove the case to federal court.").

**SO ORDERED.**

_____
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
February 2, 2006